# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00555-CR

### In re Diana Dial

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 97-569-K277, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Diana Dial appeals from an order by the district court denying her request for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01-.05 (West Supp. 2004). Dial is serving a sixty-year prison term for murder. Her conviction was affirmed by this Court and is now final. *See Dial v. State*, No. 03-98-00040-CR, 1999 Tex. App. LEXIS 3366 (Tex. App.—Austin May 6, 1999, pet. ref'd) (not designated for publication).

By her pro se motion, Dial sought to have biological samples from the deceased tested. It is Dial's contention, discussed at length in her brief to this Court, that the deceased, Wilber Jackson Pharris, was in fact Ilyich Ramirez Sanchez, the international assassin also known as "the Jackal." Dial contends that the deceased had been hired to kill her by a conspiratorial group including many well-known political figures. She asserts that DNA testing will serve to identify the deceased as this paid assassin.

Dial's motion was not accompanied by an affidavit containing statements of fact in support of the motion. *See id*. § 64.01(a). Dial's identity as the person who killed the deceased was not and is not an issue. *See id*. § 64.03(a)(1)(B). Even if the evidence Dial seeks to have tested is available, there are no facts in the record before us that would support a finding that the results would be exculpatory or that Dial would not have been convicted had DNA testing been performed prior to her trial. *See id*. § 64.03(a)(2)(A).

The district court did not abuse its discretion by denying the motion for testing. The order is affirmed.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:  May 6, 2004

Do Not Publish

2